E-filed 2/28/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO M. HEREDIA,<br>    Plaintiff,<br>v.<br>WEST VALLEY STAFFING GROUP,<br>    Defendant. | Case No.16-cv-06777-HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 9 |

Pro se plaintiff Ernesto Heredia ("Heredia") sues defendant West Valley Staffing Group ("West Valley") for retaliatory failure to hire. Dkt. No. 1. Defendant moves to dismiss the complaint for lack of subject-matter jurisdiction (arguing that the suit is moot due to the prohibition on claim-splitting), failure to state a claim upon which relief may be granted, and exceptional circumstances under *D.A. Osuthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223 (10th Cir. 2013). Dkt. No. 9. Defendant also requests that the court *sua sponte* revoke Heredia's *in forma pauperis* status. *Id.* All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 5, 16. Heredia has not opposed West Valley's motion.

For the reasons stated below, the court grants the motion to dismiss.

**BACKGROUND**

Heredia alleges that he was denied employment by West Valley. Dkt. No. 1. His brief complaint contains the following allegations: "I believe that I was retaliated against for engaging in protected activities in violation of title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act ["ADEA"] of 1967 as amended." *Id.*, ¶ 4. "I have filed multiple employment discrimination and retaliation complaints against the above named respondent with the U.S. Equal Employment Opportunity Commission. I have also filed a lawsuit against the respondent. I believe that the Respondent has continued retaliating against me by not

hiring me for positions that I am qualified for." *Id.*, ¶ 6. Heredia applied for and this court granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 6.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a claim are insufficient. *Id.* In considering a 12(b)(6) motion, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

When the court is evaluating a pro se complaint, it must construe the allegations liberally, and dismissal of a pro se complaint without leave to amend is only proper if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, No. C 14-02156 SI, 2014 WL 4437731 (N.D. Cal. Sept. 9, 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

## DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE

Generally, district courts are limited to the materials contained in and attached to the pleadings in ruling on a 12(b)(6) motion. Courts may, however, without turning the motion to dismiss into a motion for summary judgment, take judicial notice of facts that are not subject to reasonable dispute and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as well as matters of public record. *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal., Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)). "It is well established that the Court may take judicial notice of records from other proceedings not to credit the truth of the allegations or facts set forth

therein, but rather 'for purposes of noticing the existence of the [prior] lawsuit, the claims made in the lawsuit, and the fact that various documents were filed therein.'" *Acasio v. San Mateo Cnty.*, No. 14-cv-04689-JSC, 2015 WL 5568345, at *1, n.1 (N.D. Cal. Sep. 22, 2015) (quoting *McMunigal v. Bloch*, No. C 1002765 SI, 2010 WL 5399219, at *2 (N.D. Cal. Dec. 23, 2010)).

Accompanying its motion to dismiss, defendant filed a request for judicial notice ("RJN"), asking the court to take notice of 11 items, all (save one) documents from other judicial proceedings. The documents include two state court complaints filed by Heredia alleging discrimination against the defendant in this case; four state and three federal complaints filed by Heredia against different employment agencies; the complaint in this action; and an order granting defendant's motion to dismiss in a separate case between these two parties, also before the undersigned. Dkt. No. 11. The court takes judicial notice of the requested documents. *See Acasio*, 2015 WL 5568345, at *1, n.1 (taking notice of the existence of a state court complaint and an order from another court granting a motion for judgment on the pleadings).

## DISCUSSION

**1. Rule 12(b)(6).**

Heredia fails to allege sufficient facts to allow the court to draw a reasonable inference that defendant West Valley is liable for retaliatory failure to hire. A prima facie case for retaliatory failure-to-hire requires the plaintiff to show (1) that he engaged in a protected activity, (2) that the position for which he applied was "eliminated or not available" to him, and (3) that the position was not available to him "because of the protected activities." *See Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782 (9th Cir. 1986). Heredia alleges that he engaged in a protected activity—filing complaints before the EEOC and a lawsuit—and that he was not hired by defendant. His central allegation, however—that he was not hired *in retaliation* for engaging in protected activities—is wholly conclusory and not supported by any factual allegations. Heredia states only that he "believe[s]" that he has been retaliated against. This belief, with nothing more, is insufficient to support a reasonable inference of retaliation. On this basis, the court grants the

3

motion to dismiss for failure to state a claim upon which relief may be granted.[1]

### 2.  28 U.S.C. § 1915.

In addition to moving to dismiss Heredia's complaint, West Valley requests that the court exercise its discretion to reconsider or revoke its grant of *in forma pauperis* status to pro se plaintiff.

The statute governing *in forma pauperis* status permits courts to dismiss claims filed *in forma pauperis* "if satisfied that the action is frivolous or malicious." *Neitzke v. Williams*, 409 U.S. 319, 324 (1989); 28 U.S.C. § 1915(e)(2)(B).  This provision "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit . . . ." *Id.*, at 327. Section 1915 does not define "malicious," but courts have determined that a complaint is malicious within the meaning of the statute "if it is repetitive or evidences an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases." *Washington v. Reno*, 59 F.3d 172 (6th Cir. June 22, 1995).  Other courts have given "malicious" its ordinary meaning, stating that cases are malicious if they are "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting *Webster's Third New International Dictionary* 1367 (1993)).

The court is persuaded that Heredia's complaint in this action is malicious.  Heredia has filed 11 separate actions against staffing agencies in the Bay Area.  Dkt. No. 11, RJN.  The four actions against this defendant all have similar conclusory allegations of discrimination, virtually all of which are unsupported by any facts.  *Id.*  Heredia's conduct once his cases were filed further reveals his bad faith.  Earlier this month, the undersigned issued an order to dismiss *Heredia v. Boyd*, Case No. 16-cv-04031, for failure to prosecute.  The order issued after Heredia failed to (1) oppose defendant's motion to dismiss, (2) timely amend his complaint, (3) file a Case Management Conference statement, and (4) appear at a show cause hearing.  Case No. 16-cv-

---

[1] As the court grants the motion to dismiss pursuant to Rule 12(b)(6), and in light of the discussion of 28 U.S.C. § 1915 that follows, the court declines to consider defendant's arguments with respect to *Osuthorpe* and claim-splitting.

United States District Court
Northern District of California

4031, Dkt. No. 25.  Heredia similarly failed to amend his complaint when given leave to do so in Case No. 16-cv-4593, *Heredia v. Coast Personnel Services*.  And Heredia has failed to oppose defendant's motion to dismiss in this action.

More revealing of defendant's malicious motives, however, are the e-mails he has sent defendant's counsel.  Defendant's counsel has submitted a declaration detailing twenty-six instances of insulting or profane communications Heredia sent to her or her colleagues, including nine e-mails in one day.  Dkt. No. 12, Bonnel-Rogers Decl., ¶ 3, Ex. A.  The e-mails include gender-, race-, national origin-, and sexual orientation-based insults, sometimes in combination and occasionally in more than one language.  *Id.*  Significantly, the e-mails also include communications dated August 30, 2016, stating: "You need to settle for 3,500.00 before this goes to court or I will have to go to the state a[nd] federal court and file more lawsuits for retaliation on all recruiters that work for west valley staffing."  *Id.*  Heredia appears to have carried out his threat by initiating the present action, in which the complaint was filed November 23, 2016.  Dkt. No. 1.

Heredia threatened to (and did) file likely-frivolous lawsuits (query whether Heredia could have legitimate claims against "all recruiters that work for" defendant, particularly when individual defendants cannot be held liable for damages under Title VII or the ADEA, *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)) against West Valley to gain leverage in making settlement demands, and he has insulted and threatened defendant's counsel.  When viewed in combination with Heredia's prior and continuing failures to prosecute his claims once in court, Heredia's malicious purpose in filing this action becomes clear.  Heredia has abused the judicial process, and the court dismisses his complaint pursuant to 28 U.S.C. § 1915(e) as a result.

## CONCLUSION

The court grants defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted and because the court determines the complaint was maliciously filed.  As the court has determined that Heredia has proceeded in bad faith, the court denies leave to amend.  *See In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997) ("Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.").

5

**Finally, the court is concerned that Heredia may be engaging in a pattern of malicious conduct. The court CAUTIONS HEREDIA that a plaintiff who engages in a pattern of CONTINUED ABUSE of the judicial process may be declared a VEXATIOUS LITIGANT and may face SANCTIONS, MONETARY OR OTHERWISE.**

    IT IS SO ORDERED.

Dated: 2/28/2017

                                                    HOWARD R. LLOYD
                                                    United States Magistrate Judge